IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

TRUSTEES OF THE SHEET )
METAL WORKERS' LOCAL )
UNION NO. 263 HEALTH & )
WELFARE PLAN; )
)
TRUSTEES OF THE SHEET )
METAL WORKERS' LOCAL )
UNION NO. 263 PENSION PLAN )
a/k/a CEDAR RAPIDS SHEET )
METAL WORKERS' LOCAL )
UNION NO. 263 RETIREMENT )
SAVINGS PLAN; )
)
TRUSTEES OF THE SHEET )
METAL WORKERS' LOCAL 263 )
EDUCATION FUND (JATC); )
)
TRUSTEES OF THE SHEET )
METAL WORKERS' NATIONAL )
PENSION FUND (NPF); )
)
TRUSTEES OF THE )
STABILIZATION AGREEMENT OF )
THE SHEET METAL INDUSTRY )
(SASMI); )
)
TRUSTEES OF THE )
INTERNATIONAL TRAINING )
INSTITUTE FOR THE SHEET )
METAL AND AIR CONDITIONING )
INDUSTRY (iTi); )
)
TRUSTEES OF THE NATIONAL )
ENERGY MANAGEMENT )
INSTITUTE COMMITTEE FOR )
THE SHEET METAL AND AIR )
CONDITIONING INDUSTRY )
(NEMIC); )
)
TRUSTEES OF THE SHEET )

No. 10cv61 EJM

ORDER

METAL OCCUPATIONAL HEALTH )
INSTITUTE TRUST (SMOHIT) )
                                )
                                )
 and                            )
                                )
LOCAL UNION NO. 263 OF          )
SHEET METAL WORKERS'            )
INTERNATIONAL ASSOCIATION,      )
                                )
              Plaintiffs,       )
                                )
         vs.                    )
                                )
A'HEARN PLUMBING & HEATING,     )
INC.; THE WALDINGER             )
CORPORATION; BRAD J.            )
A'HEARN, and BRIAN F.           )
A'HEARN,                        )
              Defendants.

This matter is before the court on defendant Waldinger Corporation's resisted Motion for Summary Judgment, filed May 31, 2011. Briefing concluded on July 1, 2011. Denied.

Plaintiff Trustees and Union, as named in the caption above, bring this action seeking damages and equitable relief from defendants pursuant to the Employee Retirement Security Income Act (ERISA), 29 USC §§1132 and 1145, the Labor Management Relations Act (LMRA), 29 USC §185, as well as raising state law claims. The court has jurisdiction pursuant to 29 USC §§185 and 1132(e)(1), and 28 USC §§1331 and 1367.

In Count 1 of the Amended Complaint filed September 2, 2010, plaintiff Trustees seek to enforce claimed obligations of A'Hearn Plumbing & Heating, Inc. (A'Hearn), and The Waldinger Corporation (Waldinger) as a claimed successor in interest to A'Hearn, to wit, certain payments and remissions to be made pursuant to a Collective Bargaining Agreement (Agreement). Plaintiff Trustees claim A'Hearn failed to fully make certain payments and remissions for the months of July and August of 2009, and September 1-14, 2009, that Waldinger is A'Hearn's successor in interest for purposes of ERISA and all other labor laws, and therefore that Waldinger is liable for all unpaid obligations of A'Hearn to the Sheet Metal Worker's Local Union No. 263 Health & Welfare Plan (Health & Welfare Plan), Sheet Metal Workers' Local Union No. 263 Pension Plan a/k/a Cedar Rapids Sheet Metal Workers Local Union No. 263 Retirement Savings Plan (Pension Plan), Sheet Metal Workers' Local Union No. 263 Education Fund (Education Fund), Sheet Metal Workers National Pension Fund (National Pension Fund), National Stabilization Agreement of the Sheet Metal Industry (SASMI Fund), International Training Institute for the Sheet Metal and Air Conditioning Industry (iTi Fund), National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry (NEMIC Fund), and the Sheet Metal Occupational Health Institute Trust (SMOHIT Fund), (collectively, FUNDS). Plaintiffs assert the FUNDS are "employee benefit plans" within the meaning of 29 USC §1002(3), and are "multiemployer plans" within the meaning of 29 USC §1002(37)(A).

3

Plaintiff Trustees seek a declaration that Waldinger is the successor in interest to A'Hearn, as well as judgment against A'Hearn and Waldinger for unpaid contributions as noted above, together with penalties and liquidated damages, interest, costs, and attorney fees.

In Count 2, plaintiff Local Union No. 263 of the Sheet Metal Workers' International Association seeks a declaration that Waldinger is the successor in interest to A'Hearn, as well as judgment against A'Hearn and Waldinger, for certain remaining delinquent contributions and wage deductions that were to have been paid for July and August of 2009, and for September 1-14, 2009, pursuant to the Agreement. Additionally, Local Union No. 263 seeks costs, attorney fees, and interest.

In Count 3, plaintiff Trustees of the FUNDS and Local Union No. 263 seek damages for claimed material misrepresentations/omissions from defendant A'Hearn, as well as defendants Brad A'Hearn and Brian A'Hearn in their capacities as officers and representatives of A'Hearn.

In Count 4, plaintiff Trustees of the FUNDS and Local Union No. 263 seek a declaration that Waldinger is the successor in interest to A'Hearn, as well as judgment against A'Hearn, Waldinger, Brad A'Hearn, and Brian A'Hearn, for certain unpaid contributions for the February, 2009 reporting period that were to have been paid pursuant to the Agreement, and any additional delinquencies

subsequently found, together with penalties and liquidated damages (sought by Trustees only), interest, costs, and attorney fees.

Waldinger seeks summary judgment as to claims raised in Counts 1 and 2 of the Amended Complaint.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

In its Motion for Summary Judgment as to Counts 1 and 2, Waldinger asserts that in this matter seeking unpaid pension contributions, a successor corporation is not liable for unpaid contributions unless the succeeding entity is the alter ego of the previous entity. Waldinger urges that for plaintiffs to make that showing, they must show that Waldinger is controlled by A'Hearn to the extent that it has independent existence in form only, and that its corporate form is used as a subterfuge to defeat public convenience, to justify wrong, or to perpetrate a fraud. Waldinger asserts that it is not A'Hearn's alter ego, as (1) its control and

5

management were separate and distinct, (2) while Brad and Brian A'Hearn were employed by Waldinger after the asset purchase, they are not officers of Waldinger, have no ownership thereof, and while they oversaw day-to-day operations of the Cedar Rapids branch of Waldinger, any significant authority and control thereof belongs solely to Waldinger, (3) Waldinger and A'Hearn were previously competitors in Cedar Rapids, (4) the asset purchase underlying this matter was negotiated at arms' length with a secured creditor, Farmers' State Bank, (5) there is a dearth of evidence of Waldinger's corporate form as a subterfuge, and Waldinger continues to pay into plaintiffs' Funds for any Waldinger employees who are members of the plaintiff union. Accordingly, Waldinger asserts that it cannot be held liable for A'Hearn's failure to pay contributions, as plaintiffs have come forward with no disputed issue of material fact regarding whether it is the alter ego of A'Hearn. See Greater Kansas City Laborers Pension Fund v. Superior General, 104 F3d 1050, 1055 (8th Cir. 1997) (discussing alter ego theories in context of pension fund's attempt to collect unpaid contributions).

In response, plaintiffs assert that they are not seeking recovery based upon an alter ego theory – rather, they urge that they seek recovery upon a theory of expanded successor liability. Plaintiffs urge that Waldinger is a successor in interest through its acquisition of A'Hearn's assets and the continuation of its business. See Upholsterer's International Union Pension Fund v. Artistic Furniture of Pontiac, 920 F2d 1323 (7th Cir. 1990)(discussing theory of expanded

6

successor liability). In reply, Waldinger asserts it is entitled to summary judgment not only under any alter ego theory, but also under any theory of expanded successor liability.

As the master of their claims, plaintiffs expressly do not proceed under an alter ego theory, but rather, on a successor liability theory. For the reasons and authorities discussed in <u>Reed v. EnviroTech Remediation Services, Inc.</u>, 2011 WL 2601841, \*6-8 (D. Minn. 2011), as well as the thorough discussion in <u>Einhorn v. ML Ruberton Const. Co.</u>, 632 F3d 89 (3rd Cir. 2011)(holding purchaser of assets may be liable for seller's delinquent ERISA fund contributions where buyer had notice of liability prior to sale, and there exists sufficient continuity of operations between buyer and seller), the court is satisfied that on this record the successor liability test employed therein is appropriate to determine whether an asset purchasing successor corporation is liable for a seller's delinquent employee contributions. Applied to the issues herein and viewed in accordance with the appropriate standards, it is the court's view that there exist disputed issues of material fact, including as to the matters of notice of liability prior to asset sale, and of substantial continuity of operations, precluding the grant of defendants' summary judgment motion.

While defendants sought to extend their motion to Count 4 in their Reply brief, it appears the basis for the motion (and resistance thereto) would be substantively the same as that upon which Counts 1 and 2 have been decided

herein, and due to the court's disposition of defendant's motion, the matter need not be addressed further herein.

It is therefore

ORDERED

Denied.

December 22, 2011.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT